**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000536
19-JAN-2024
08:00 AM
Dkt. 101 SO**

NO. CAAP-21-0000536
(Consolidated with NO. CAAP-21-0000545)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-21-0000536**
STUART B. GLAUBERMAN, by his Managing Agent, KFG PROPERTIES,
INC., Plaintiff-Appellee,
v.
CELESTE M. GONSALVES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KOʻOLAUPOKO DIVISION
(CIVIL NO. 1DRC-21-0002121)


and


**CAAP-21-0000545**
STUART B. GLAUBERMAN and VICKY RAMIL, Plaintiffs-Appellees,
v.
CELESTE M. GONSALVES, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KOʻOLAUPOKO DIVISION
(CIVIL NO. 1DRC-21-0001879)

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Guidry, JJ.)

In these consolidated appeals, self-represented Defendant-Appellant Celeste M. Gonsalves (**Gonsalves**) appeals from the September 29, 2021 Order Granting Plaintiff's Motion for Summary Judgment Filed on September 7, 2021, in favor of self-represented Plaintiff-Appellee Stuart B. Glauberman (**Glauberman**), by his Managing Agent, KFG Properties, Inc. (**KFG Properties**), and the October 4, 2021 Judgment for Possession in favor of Glauberman and Plaintiff-Appellee Vicky Ramil (**Ramil**), entered by the District Court of the First Circuit Ko'olaupoko Division (**District Court**),[1] in Civil Nos. 1DRC-21-0002121 and 1DRC-21-0001879 respectively.

Glauberman and Ramil rented an accessory dwelling unit to Gonsalves, and self-managed the rental unit until December 2020, when they hired KFG Properties as their property manager. On February 21, 2021, Glauberman and Ramil filed a Complaint (Assumpsit, Summary Possession/Landlord – Tenant Damages) against Gonsalves in Civil No. 1DRC-21-0001879, alleging Gonsalves caused electrical and plumbing damage to the premises, failed to properly dispose of garbage and refused their requests

---

[1]     The Honorable Karin L. Holma presided.

for an inspection, and that they had given Gonsalves a 10-day non-monetary default notice on February 9, 2021.

On March 3, 2021, Glauberman, through KFG Properties, filed a Complaint (Assumpsit, Summary Possession/Landlord – Tenant Damages) against Gonsalves in Civil No. 1DRC-21-0002121, alleging Gonsalves refused to vacate after a 45-day notice that the owners' son was moving in.

Gonsalves filed counterclaims in both cases, alleging that Glauberman and Ramil were retaliating against her because she started withholding rent in October 2020, after complaining to them about the neighbor's yardman smoking while operating machinery to trim a hedge in close proximity to her rental unit. Gonsalves deemed that to be a fire hazard, and complained that the secondhand smoke from the neighbor's yardman smoking often came into her unit. Gonsalves stated that because Glauberman and Ramil did not resolve the issue, she reported it to her Section 8 Housing Assistance officer and withheld her portion of the rent.

The district court heard Civil Nos. 1DRC-21-0001879 and 1DRC-21-0002121 together for trial on the issue of possession. Gonsalves failed to appear twice in person for trial on the issue of possession, first on July 30, 2021, when she did not appear at all, and again on August 6, 2021, when she

3

appeared by Zoom even though trial was scheduled to be in person. Both times Gonsalves submitted notes from her doctor, and requested continuances due to medical reasons. The first time Gonsalves failed to appear, the district court rescheduled the trial to August 6, 2021. When Gonsalves failed to appear in person again on August 6, 2021, the district court instructed Glauberman and Ramil to file motions for summary judgment, and the district court ultimately granted motions for summary judgment filed by them, leading Gonsalves to file these appeals.

Gonsalves contends the district court committed the following errors in Civil No. 1DRC-21-0002121: (1) denying her July 8, 2021 non-hearing motion for continuance of the August 6, 2021 trial; (2) instructing Glauberman, at the August 6, 2021 hearing, to file a motion for summary judgment; (3) informing Glauberman, at an August 27, 2021 hearing, that the court would deny his motion for summary judgment but allowing him to withdraw the motion rather than ruling on the motion; (4) denying Gonsalves's motion for reconsideration or new trial on September 24, 2021; (5) granting Glauberman summary judgment on possession on September 24, 2021; and (6) engaging in ex parte communications with Glauberman's counsel on September 10, 2021, when she was not present in the courtroom.

4

Gonsalves contends the district court committed the following errors in Civil No. 1DRC-21-0001879: (1) denying her request for continuance made at the hearing on August 6, 2021; (2) instructing Glauberman and Ramil to file a motion for summary judgment at the August 6, 2021 hearing; (3) denying her request to continue the August 27, 2021 hearing on Glauberman and Ramil's motion for summary judgment; (4) granting Glauberman and Ramil's motion for summary judgment at the August 27, 2021 hearing; (5) basing the August 27, 2021 grant of summary judgment on testimony given by Gonsalves in other cases; (6) notifying Glauberman and Ramil at the hearing held on September 10, 2021 that they attached the wrong copy of the rental agreement to their motion for summary judgment and had not given proper notice of their motion; (7) not bringing Gonsalves into the courtroom for the September 10, 2021 hearing; (8) granting Glauberman and Ramil summary judgment on September 24, 2021; and (9) denying Gonsalves's motion to dismiss at the September 24, 2021 hearing.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Gonsalves's points of error as follows.

We review the grant or denial of a continuance for an abuse of discretion. Sapp v. Wong, 62 Haw. 34, 41, 609 P.2d 137, 142 (1980) (citations omitted). Generally, to constitute an abuse of discretion it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant. Schmidt v. Bd. of Directors of Ass'n of Apartment Owners of Marco Polo Apartments, 73 Haw. 526, 533, 836 P.2d 479, 483 (1992).

We review the grant or denial of summary judgment *de novo* using the same standard applied by the district court. Nozawa v. Operating Engineers Loc. Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018) (citations omitted). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Id. at 342, 418 P.3d at 1198. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. Id. The evidence must be viewed in the light most favorable to the non-moving parties. Id.

We review a ruling on a motion to dismiss *de novo.* Young v. Allstate Ins. Co., 119 Hawaiʻi 403, 411, 198 P.3d 666, 674 (2008). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief." Flores v. Logan, 151 Haw. 357, 366, 513 P.3d 423, 432 (2022) (citations omitted).

We review the denial of a motion for new trial for abuse of discretion. Kato v. Funari, 118 Hawaiʻi 375, 381, 191 P.3d 1052, 1058 (2008) (citation omitted).

Gonsalves has not shown the district court abused its discretion in denying her requests for continuance of the August 6, 2021 hearing, and hearing the cases together. While we agree that the district court erred when it proceeded with the hearing and granted summary judgment on August 27, 2021, the error was harmless because the district court subsequently granted Gonsalves's motion to set aside the summary judgment.[2]

The district court did not err when it granted summary judgment to Glauberman and Ramil on September 24, 2021 and

---

[2]   The district court set aside its August 27, 2021 grant of summary judgment to Glauberman and Ramil because Glauberman and Ramil's motion for summary judgment was not filed and served at least ten days prior to the hearing, as required by District Court Rules of Civil Procedure Rule 56(c), and Glauberman and Ramil attached an incomplete copy of their rental agreement with Gonsalves, which was missing the Section 8 Housing and Urban Development (**HUD**) tenancy addendum.

denied Gonsalves's September 22, 2021 motion to dismiss their complaint. Gonsalves alleged that Glauberman and Ramil were retaliating against her because she began withholding rent due to the neighbor's yardman smoking near her unit. Retaliatory eviction was not a valid defense for Gonsalves, however, because she admitted to withholding her portion of the rent starting in October 2020. Ryan v. Herzog, 142 Hawaiʻi 278, 284, 418 P.3d 619, 625 (2018) ("Once one of those three triggering [eviction under Hawaii Revised Statutes (**HRS**) § 521-74(a)] events occurs *and the tenant continues to pay rent*, the landlord is prohibited from retaliating by evicting the tenant, raising the rent, or decreasing services.") (emphasis added) (citing HRS § 521-74(a) (2018) (a "good faith" complaint to a "governmental agency concerned with landlord-tenant disputes of conditions in or affecting the tenant's dwelling unit" is a defense to a summary possession action provided that "the tenant continues to tender the usual rent to the landlord.")).

The Section 8 HUD tenancy addendum, which was part of Gonsalves's rental agreement, allows the landlord to terminate the tenancy for good cause, during the initial term of the lease, and to the extent permitted by state law thereafter. The record reflects that Gonsalves's tenancy was terminated after the initial term of the lease had ended. Gonsalves admitted

that she had put a lock on the front water faucet, did not place her garbage in the trash bins, removed then glued back a light switch faceplate, and refused their request for an inspection, which were the reasons given by Glauberman and Ramil for issuing her a 10-day notice of termination of tenancy on February 9, 2021. Gonsalves submitted a photograph of the glued light switch faceplate, taken on September 19, 2021 with her notation, "[f]aceplate can be changed in 48 hours by licensed electrician." Even assuming *arguendo* that those acts were not material breaches that would provide grounds for termination of the tenancy, HRS § 521-71(a) (2018) separately allows a month-to-month tenancy to be terminated on a 45-day written notice. HRS § 521-71(1) (2018) ("When the tenancy is month-to-month, the landlord may terminate the rental agreement by notifying the tenant, in writing, at least forty-five days in advance of the anticipated termination."). That requirement was met. Gonsalves does not dispute that she received a 45-day notice of termination of tenancy, and the writ of possession and judgment for possession were issued by the district court after Hawai'i's COVID-19 eviction moratorium had expired.[3]

---

[3] Hawai'i's COVID-19 eviction moratorium went into effect on April 17, 2020, with the issuance of Governor David Ige's Fifth Supplementary Proclamation on COVID-19, and was extended through August 6, 2021 with

(continued . . .)

Finally, there is no dispute that the district court should not have conducted the September 10, 2021 hearing while Gonsalves was left outside in a waiting room. However, there was no prejudice to Gonsalves by the district court proceeding with the hearing, with Gonsalves being absent, as the district court granted her motions and set aside the judgment. We also find that the district court did not err by directing Glauberman and Ramil to file a motion for summary judgment during the earlier August 6, 2021 hearing, and that the district court did not improperly give legal advice to Glauberman and Ramil. In directing Glauberman and Ramil to file motions for summary judgment, the district court balanced Gonsalves's request that trial on possession be postponed with Glauberman and Ramil's interest in having an expeditious resolution of their claim to recover possession.

For the foregoing reasons, we affirm the district court's September 29, 2021 Order Granting Plaintiff's Motion for

_____

(. . . continued)
Governor Ige's Twenty-First Supplementary Proclamation. Hawai'i Emergency Proclamations are posted on the County of Hawai'i website:
https://coronavirus-response-county-of-hawaii-hawaiicountygis
.hub.arcgis.com/documents/hawaiicountygis::5th-proclamation/explore

https://coronavirus-response-county-of-hawaii-hawaiicountygis
.hub.arcgis.com/documents/hawaiicountygis::21st-proclamation/explore

<u>**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**</u>

Summary Judgment Filed on September 7, 2021, in favor of Glauberman in Civil No. 1DRC-21-0002121, and the October 4, 2021 Judgment for Possession, in favor of Glauberman and Ramil in Civil No. 1DRC-21-0001879, and reject all points of error raised by Gonsalves in these appeals.

DATED:  Honolulu, Hawai'i, January 19, 2024.

On the briefs:

Celeste M. Gonsalves,
Self-represented
Defendant-Appellant.

Jean Malia Orque,
for Plaintiffs-Appellees
Stuart B. Glauberman and
Vicky Ramil
in CAAP-21-0000545.

Stuart B. Glauberman,
by his Managing Agent,
KFG Properties, Inc.,
Self-represented
Plaintiff-Appellee
in CAAP-21-0000536.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge